# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 08 CR 466** |
| | ) | |
| | ) | |
| **FREDDIE JOHNSON, et al.,** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' motions in limine. For the reasons stated below, the court grants in part and denies in part the motions.

## DISCUSSION

### I. Westerfield's Motions

Defendant Lorie Westerfield (Westerfield) has filed motions in limine seeking to bar the introduction of information Westerfield gave the Government during a proffer, seeking to bar the introduction of evidence relating to Westerfield's prior felony conviction, and seeking pretrial production of charts, summaries, or

calculations that the Government intends to introduce at trial at least fourteen days prior to trial.

### A.  Information Provided During Proffer

Westerfield seeks to bar the introduction at trial of any information she provided the Government during a proffer she made on or about March 20, 2008. Westerfield indicates that the such information should be barred because she provided the information to the Government with the understanding that anything she said could not be used against her at trial.  (West. 1st Mot. 3-4).  The Government contends that the motion should be denied because Westerfield signed a proffer agreement, which provided that the Government could not use Westerfield's statements in its case-in-chief, but that the Government could use such statements at trial if Westerfield gave contradictory testimony at trial or otherwise "took a 'position inconsistent with the proffer.'"  (Gov. Resp. 2).  A defendant may waive the right to prevent the use of "statements made during plea negotiations" at trial, including the those made during a proffer.  *United States v. Krilich*, 159 F.3d 1020, 1024 (7th Cir. 1998).  Since Westerfield signed an agreement providing that her proffered statements could be used against her under certain circumstances, the Government may introduce Westerfield's proffered statements if Westerfield elicits

testimony through cross-examination of the Government's witnesses that contradicts the proffer or if Westerfield presents evidence that contradicts the proffer, either through her own testimony or the testimony of her witnesses.  *Id.* at 1025.  Therefore, the court denies Westerfield's motion to bar the introduction of any statements she provided the Government during her proffer.   Westerfield is free to object to the introduction of such statements at trial, should the Government attempt to improperly introduce such statements.

### B.  Prior Felony Conviction

Westerfield seeks to bar the introduction of any evidence relating to her prior felony conviction for wire fraud in Case Number 06 CR 758.  Westerfield contends that the probative value of such evidence is substantially outweighed by the unfair prejudice the introduction of such evidence would cause to Westerfield, since Westerfield is also charged with wire fraud in this case.  (West. 2nd Mot. 1).  The Government argues that Westerfield's prior felony conviction can be used to impeach Westerfield pursuant to Federal Rule of Evidence 609 (Rule 609) and that the probative value of the conviction is not substantially outweighed by its prejudicial effect on Westerfield.  (Gov. Resp. 4-5).  For the limited purpose of impeachment, Rule 609 generally permits the Government to introduce "evidence

that any witness has been convicted of a crime . . . , if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness" and if the conviction or release from prison occurred less than ten years prior to the trial. Fed. R. Evid. 609. In addition, Federal Rule of Evidence 608(b) permits the Government to "cross-examine [a defendant] regarding the facts underlying his . . . convictions [if the defendant is] a witness and the convictions relate[] to his character for truthfulness." *United States v. Barnhart*, 599 F.3d 737, 747 (7th Cir. 2010). Federal Rule of Evidence 403 does not "limit or prohibit this line of questioning . . . [when the] central focus of [the] case [is the defendant's] intent to defraud." *Id.* In this case, should Westerfield decide to testify, her prior fraud conviction will be highly relevant to determining Westerfield's character for truthfulness. Therefore, the court denies Westerfield's motion to bar the introduction of any evidence relating to her prior felony conviction. Westerfield is free to object to the introduction of such evidence at trial, should the Government attempt to improperly admit such evidence. In addition, if the Government properly introduces evidence of Westerfield's conviction at trial, the court will give a limiting instruction to the jury, advising them that such evidence is not to be considered for the purposes of showing Westerfield's propensity to commit fraud, but instead should be considered only for the limited purpose of determining

Westerfield's credibility as a witness.

C.  Pre-trial Production of Charts, Summaries, or Calculations

Westerfield has moved for an order requiring the Government to produce final versions of any charts, summaries, or calculations it intends to introduce at trial at least fourteen days prior to trial.  Westerfield contends that fourteen days is necessary for her to assess and counter such evidence by possibly retaining an expert or compiling her own charts, summaries, or calculations.  (West. 3rd Mot. 1).  The Government argues that such evidence will not be finalized so far in advance of trial and that Westerfield has all the underlying information that will form the basis of such evidence.  (Gov. Resp. 6).  The Government has also agreed to produce such evidence in a timely fashion prior to trial.  (Gov. Resp. 6).  Therefore, the court denies Westerfield's motion for an order requiring the Government to produce final versions of any charts, summaries, or calculations to be used at trial at least fourteen days prior to trial.

II.  Mumin's Motion for Attorney Conducted Voir Dire

Defendant Khadija Mumin (Mumin) has filed a motion requesting that the court allow the attorneys to conduct the voir dire questioning of prospective

members of the jury, or alternatively to include Mumin's proposed voir dire questions in the court's questioning of such jurors.  Mumin argues that she is entitled to be tried by an impartial and indifferent jury, and that attorney conducted voir dire is necessary to gain th necessary information upon which to base strikes.  However, Mumin has not shown how the court's procedure relating to the questioning of prospective jury members would be insufficient to achieve these purposes, and thus Mumin has not presented a compelling reason to allow the attorneys to conduct voir dire.  In addition, Mumin has not cited to any controlling precedent indicating to show that the attorney conducted voir dire is necessary. Therefore, Mumin's motion is denied.  The court will conduct voir dire of the jury members consistent with court's indications to the parties during the pre-trial conference.

## III.  Government's Motions

### A.  General Objection to Government's Motions

Mumin has filed a general objection to the Government's motions in limine. Without further argument or explanation, Mumin contends that the Government has used a "shot-gun approach to pretrial motion in limine practice."  (Mumin Resp. 1). None of the Government's motions are inherently improper.  Therefore, the court

declines to deny any of the Government's motions in limine based on Mumin's general objection to the Government's motions.

### B.  Penalties Faced by Defendants

The Government seeks to bar the introduction of evidence relating to the potential penalties faced by Defendants, if convicted.  Defendant Ernest Preston (Preston) has not responded to the motion.  Westerfield has not objected to the motion.  (West. Resp. 1).  Mumin argues that she does not intend to introduce such evidence at trial, and that the Government's motion should therefore be denied as moot.  (Mumin Resp. 2).  Evidence relating to the penalties faced by a defendant, if convicted, is not relevant to the jury's determination of a defendant's guilt or innocence, and therefore the introduction of such evidence should be barred.  *See United States v. Lewis,* 110 F.3d 417, 422 (7th Cir. 1997)(stating that "the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored"); *Shannon v. United States*, 512 U.S. 573, 579 (1994)(stating that a jury must "reach its verdict without regard to what sentence might be imposed" and that "[i]nformation about the consequences of a verdict are irrelevant to a jury's task").  Thus, the court grants the Government's motion to bar the introduction of evidence relating to the potential penalties faced by Defendants, if convicted.

The court notes that Mumin also argues that references to punishments faced by alleged co-conspirators who are testifying as witness for the Government (Government Witnesses) should be admitted because such references are relevant to establishing bias, motive, and lack of credibility. (Mumin Resp. 3). However, the Government has not moved to bar such references in its motion. Therefore, Mumin's argument relating to the admissibility of punishments faced by Government Witnesses is premature at this juncture.

## C. Evidence Designed to Illicit Jury Nullification

The Government seeks to bar argument or evidence designed to illicit jury nullification, and has specifically identified certain examples of such argument or evidence, including argument or evidence relating to outrageous Government conduct, the Government's motivation for investigating or prosecuting the instant case, and the Defendants' family needs.

### 1. General Bar

The Government seeks to generally bar argument or evidence designed to illicit jury nullification. Preston and Westerfield have not responded to the Government's motion. Mumin has objected to the broad scope of such a motion.

(Mumin Resp. 1-2).  The Government's motion is based on the general prohibition against encouraging jury nullification.  *See, e.g.*, *United States v. Dunkin*, 438 F.3d 778, 780 (7th Cir. 2006); *Smith v. Winters*, 337 F.3d 935, 938 (7th Cir. 2003).  Thus, the motion is not improper.  Therefore, the court grants the Government's motion to generally exclude argument or evidence designed to illicit jury nullification.  To the extent that the Government objects at trial to categories of argument or evidence that have not been specifically identified in the Government's motion on the basis that such argument or evidence is designed to illicit jury nullification, Defendants are free to argue that such argument or evidence is relevant and not designed to illicit jury nullification, and the court will rule on a case-by-case basis.

### 2.  Outrageous Government Conduct

The Government seeks to bar argument or evidence relating to outrageous government conduct.  Preston and Mumin have not responded to the Government's motion.  Westerfield has not objected to the motion.  (West. Resp. 1).  Therefore, the court grants the Government's motion to bar argument or evidence relating to outrageous Government conduct.

3.  Motivation for Investigating or Prosecuting the Instant Case

The Government seeks to bar argument or evidence relating to the Government's motivation for investigating or prosecuting the instant case.  Preston has not responded to the Government's motion.  Westerfield has not objected to the motion.  (West. Resp. 1).  Mumin argues that the motion "is yet another example of the Government improperly and prematurely requesting the Court enter and all-encompassing order without the benefit of all facts and evidence."  (Mumin Resp. 3-4).  Argument or evidence relating to the Government's motivation are not relevant to the to the jury's determination of a defendant's guilt or innocence.  *See, e.g.*, *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979); *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994).  Therefore, the court grants the Government's motion to bar argument or evidence relating to the Government's motivation for investigating or prosecuting the instant case.


4.  Family Needs

The Government seeks to bar argument or evidence relating to Defendants' family needs.  Preston and Mumin have not responded to the Government's motion.  Westerfield argues that while she "does not plan to advance arguments or questions regarding the possible impact of the trial or possible conviction may have on the

family or a family member," she does plan to "introduce evidence concerning [her] background, including evidence of her reputation." (West. Resp. 1). The Government has acknowledged Defendants' right to permit limited testimony concerning their backgrounds. (Gov. Mot. 6). The Government's motion seeks only to bar evidence or argument relating to family needs that is "designed either to infer a motive or excuse for defendants' criminal conduct or to invoke sympathies regarding the impact of a conviction upon defendants' famil[ies]." (Gov. Mot. 6). Argument or evidence relating to a defendant's family needs is not admissible for such purposes. Therefore, the court grants the Government's motion to bar argument or evidence relating to the Defendants' family needs to the extent that such evidence is presented to establish a motive or an excuse for Defendants' conduct or the hardship that the Defendants' families will face if Defendants are convicted.

### D. Discovery Requests or Commentary

The Government seeks to bar defense counsel from requesting discovery from witnesses or opposing counsel or otherwise commenting on discovery matters in the presence of the jury. Preston has not responded to the motion. Westerfield has not objected to the motion. (West. Resp. 1). Mumin argues that the motion should be denied as moot since she has no intention of "unduly bring[ing] [discovery] disputes

to the attention of the jury." (Mumin Resp. 3). The Government's motion is meritorious, and the court therefore grants the Government's motion to bar defense counsel from requesting discovery from witnesses or opposing counsel or otherwise commenting on discovery matters in the presence of the jury.

### E. Lawful, Non-Corrupt Conduct

The Government seeks to bar argument and evidence regarding Defendants' lawfulness or non-corrupt conduct to the extent that it is not offered by character witnesses pursuant to Federal Rule of Evidence 405(a). Preston and Mumin have not responded to the motion. Westerfield argues that she should be permitted to introduce such evidence as it relates to the issue of whether she intended to commit the charged crimes. (West. Resp. 1-2). Federal Rule of Evidence provides that "[i]n all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion," and that parties are only permitted to introduce specific acts to address such reputation of opinion testimony either on cross-examination of a witness or "[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense."Fed. R. Evid. 405. Thus, evidence of specific lawful acts of Defendants is not properly introduced to show that

Defendants did not have the requisite intent to commit the crimes charged.

Therefore, the court grants the Government's motion.

      F.  Allegations of Witness Wrongdoing

The Government seeks to bar the introduction of certain evidence relating to wrongdoing by Government Witnesses.  Specifically, the Government seeks to exclude evidence of arrests, facts underlying convictions, and other bad acts, unless such evidence involves an act of dishonesty, making it probative on the issue of the witness' character for truthfulness.  In addition, the Government seeks to bar admission of evidence relating to any Government witness' past drug use, unless such evidence puts the memory of mental capacity of such witness at issue.  Preston has not responded to the motion.  Mumin generally objects to the motion as overly-broad and premature.  (Mumin Resp. 4).  Westerfield (1) agrees with the Government that she should be permitted to introduce evidence concerning a witness' prior arrest where conduct relating to the arrest implicates the witness' character for truthfulness, (2) does not object to the Government's motion to bar evidence concerning the details underlying a conviction, (3) agrees with the Government that she should be permitted to introduce specific bad acts of the witness where such acts implicate the witness' character for truthfulness, and (4) agrees with

the Government that she should be permitted to introduce evidence concerning a witness' drug use where such drug use implicates the witness' ability to perceive or recall the events to which the witness has testified. (West. Resp. 1-2). With respect to the specific areas identified in the Government's motion, the Government's motion is meritorious, and the court therefore grants the Government's motion to the extent that it relates to specifically identified areas of evidence. To the extent that Defendants seek to introduce evidence of other types of witness wrongdoing, we deny the Government's motion without prejudice. The Government may renew its objection to the introduction of such evidence at trial on a case-by-case basis.

### G.  Evidence Relating to the Government's Charging Decisions

The Government seeks to bar evidence regarding the Government's charging decisions in this case. Mumin has not responded to the motion. Westerfield has not objected to the motion. (West. Resp. 2). Preston objects to the motion, arguing that such evidence is central to his defense that he did not knowingly participate in the mortgage fraud scheme at issue. Preston contends that the only act he participated in was cashing checks and that the jury needs to understand that, by charging him with being a knowing participant in the scheme, the Government chose not to provide the jury with the opportunity to simply find Preston guilty of identity fraud. Such

argument is proper, since the Government's charging decisions are not relevant to the issue of whether Preston is guilty or innocent of the crimes for which he is charged. Therefore, the court grants the Government's motion.

## H.  Evidence of Mumin's Participation in the Fraudulent Scheme

The Government has moved to introduce evidence relating to Mumin's negotiation of several of the checks derived from the scheme as direct evidence of her participation in the fraudulent scheme and as direct evidence that Mumin engaged in counterfeiting.  Alternatively, the Government moves to admit such evidence under Federal Rule of Evidence 404(b) (Rule 404(b)).

### 1.  Admission as Direct Evidence

The Government contends that although Mumin was not charged with wire fraud, she was charged with knowingly participating in the mortgage fraud scheme and with counterfeiting.  According to the Government, Mumin's negotiation of some of the checks obtained through the fraudulent scheme is not only direct evidence of her participation in the fraudulent scheme, but is also direct evidence of her counterfeiting because such counterfeiting was made possible by establishing her credibility and the credibility of her co-Defendants with the owner of a currency

exchange through successful negotiation of checks obtained through the fraudulent mortgage scheme. Mumin argues that the admission of such evidence would constructively amend the indictment because no grand jury has authorized any mortgage fraud scheme or identity theft charges against her.

The Seventh Circuit has stated that "the conduct upon which the government seeks to convict the defendant must be the conduct proscribed by the statute *stated in the indictment,*" and that "[t]he government is precluded from broadening the indictment to include additional bases on which a conviction may rest." *United States v. Norris*, 34 F.3d 530, 532 (7th Cir. 1994). The indictment charges Mumin, along with her co-Defendants, with "devis[ing], intend[ing] to devise, and participat[ion] in a scheme to defraud and to obtain money from mortgage lenders . . . by means of materially false and fraudulent pretenses, representations, and promises. . . ." (Ind. Par. 2). The indictment further goes on to specify that, as part of the fraudulent scheme, Mumin was recruited by one of her co-Defendants to negotiate checks obtained as sale proceeds of the fraudulent transactions. (Ind. Par. 16). Thus, the Government is not broadening the indictment by introducing evidence relating to Mumin's negotiation of the fraudulently obtained checks. In addition, Mumin's negotiation of the fraudulently obtained checks is appropriately introduced as direct evidence of Mumin's counterfeiting activities, since such activities were

likely made possible, at least in part, by the successful negotiation of the fraudulently obtained checks.  Therefore, we grant the Government's motion to introduce evidence relating to Mumin's negotiation of the fraudulently obtained checks as direct evidence of her participation in the fraudulent scheme and as direct evidence of her counterfeiting activities.

2.  Admission Under Rule 404(b)

The Government argues that, even if the evidence relating to Mumin's negotiation of certain checks obtained from the fraudulent scheme is not admitted as direct evidence, it should be admitted pursuant to Rule 404(b) as evidence of opportunity, preparation, plan, and absence of mistake with respect to Mumin's counterfeiting activities.  Pursuant to Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but such evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

Fed. R. Evid. 404(b). In determining whether to admit Rule 404(b) evidence a court must consider whether "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice." *United States v. Diekhoff*, 535 F.3d 611, 617 (7th Cir. 2008)(internal quotations omitted)(quoting *United States v. Simpson,* 479 F.3d 492, 498 (7th Cir. 2007)).

Mumin contends that evidence relating to Mumin's negotiation of certain checks obtained from the fraudulent scheme is not admissible under Rule 404(b) because the Government has not shown by a preponderance of the evidence that Mumin was a member of the conspiracy to commit mortgage fraud and because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Mumin. However, evidence of Mumin's negotiation of checks obtained through the mortgage scheme would be admissible under Rule 404(b) since it can be introduced to show to Mumin's relationship with some of the co-Defendants, knowledge of the fraudulent scheme, opportunity to commit the counterfeiting offenses, and preparation, plan, and absence of mistake with respect to Mumin's

counterfeiting activities. There is sufficient evidentiary support relating to Mumin's

negotiation of various checks that were obtained through fraud. The evidence is

sufficiently similar in time to be relevant and its probative value is not substantially

outweighed by potential prejudice. Therefore, even if it were not admissible as direct

evidence, evidence of Mumin's negotiation of some of the checks obtained through

the fraudulent scheme would be admissible under Rule 404(b).


I.  Santiago Proffer

The Government has submitted a Santiago proffer in this case seeking to admit

coconspirator statements against Westerfield, Preston, and Mumin in accordance

with Federal Rule of Evidence 801(d)(2)(E) (Rule 801(d)(2)(E)) and *United States v.*

*Santiago*, 582 F.2d 1128 (7th Cir. 1978). Westerfield and Preston have not

responded to the motion. Mumin objects to the Santiago proffer. Pursuant to Rule

801(d)(2)(E), "the statements of a coconspirator are admissible if the trial court

determines by a preponderance of the evidence that: (1) a conspiracy existed; (2)

defendant and declarant were involved in the conspiracy; and (3) the statements were

made during and in furtherance of the conspiracy." *United States v. Haynie*, 179

F.3d 1048, 1050 (7th Cir. 1999). The Seventh Circuit has "sanctioned so-called

*Santiago* proffers," which "allow[] the judge to conditionally admit coconspirator

statements based on the government's proffer." *Id.* At the close of the Government's case at trial if the Government "has not met its burden to show that the statements are admissible, the defendant can move for a mistrial or to have the statements stricken." *Id.*

Mumin argues that the Government has failed to show by a preponderance of the evidence that she was a member of the conspiracy to commit mortgage fraud. In support of her argument, Mumin contends that the proffer alleges two schemes and only discusses Mumin's involvement in the counterfeiting scheme. However, at this juncture, the Government has met its burden establishing by a preponderance of the evidence that Mumin, along with her co-Defendants, was involved in the conspiracy to commit mortgage fraud and that they made statements in furtherance of that conspiracy.

Mumin also argues that such statements are inadmissible under Federal Rule of Evidence 403 because the danger of unfair prejudice to Mumin that would result from the introduction of such statements substantially outweighs the probative value of the statements. The court disagrees. Such statements are highly probative and the danger of unfair prejudice to Mumin does not substantially outweigh their probative value. Therefore, with respect to all of the statements referenced in the Government's Santiago proffer, the Government has met its burden at this juncture

and such statements are conditionally admitted.

The court notes that Mumin has also argued that the Government has not specifically identified the statements it intends to introduce and has therefore requested that the Government be required to specifically identify each statement by a co-conspirator it intends to introduce. However, the Government has given sufficient specification regarding the statements of co-conspirators it intends to introduce, and therefore the court denies Mumin's request.


J.  Evidence of Victim Lender's Conduct

The Government has moved to exclude evidence relating to the victim lender's alleged misconduct, negligence, or lack of reasonable reliance. Defendants have not responded to the motion. The Seventh Circuit has held that such evidence is irrelevant. *See, e.g., United States v. Biesiadecki*, 933 F.2d 539, 544 (7th Cir. 1991). Therefore, the court grants the Government's motion.

**CONCLUSION**

Based on the foregoing analysis, the court grants in part and denies in part the motions in limine.

_Samuel Der-Yeghiayan_
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   March 2, 2011