# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 466 |
| | ) | |
| LORIE WESTERFIELD | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Lorie Westerfield's (Westerfield) post-trial motions. For the reasons stated below, the motions are denied.

## BACKGROUND

On March 14, 2011, a jury trial began for Westerfield. On March 21, 2011, Westerfield was found guilty by a jury on three counts of wire fraud and not guilty on one count of wire fraud. Westerfield now moves for a judgment of acquittal, and requests in the alternative a new trial.

## LEGAL STANDARD

A defendant in a criminal case who has been found guilty by a jury may move for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c) (Rule

1

29(c)). Fed. R. Crim. P. 29(c). If the defendant is challenging the sufficiency of the evidence presented at trial, the court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)(quoting *United States v. Masten,* 170 F.3d 790, 794 (7th Cir. 1999)); *see also United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)(stating that "[a] district court should grant a motion for a judgment of acquittal only when there is insufficient evidence to sustain a conviction"); *United States v. Pree*, 408 F.3d 855, 865 (7th Cir. 2005)(stating that a motion for acquittal should be granted "only if, viewing the evidence in the light most favorable to the Government, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt").

A court may provide a defendant found guilty of a crime by a jury with a new trial under Federal Rule of Criminal Procedure 33(a) (Rule 33(a)) "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision of whether a new trial is warranted is "committed 'to the sound discretion of the trial judge.'" *United States v. Gillaum*, 372 F.3d 848, 857-58 (7th Cir. 2004)(quoting *United States v. Woolfolk,*

197 F.3d 900, 904 (7th Cir. 1999)).  In determining whether to grant a new trial, a court should exercise "great caution" and be "wary of second guessing the determinations of the . . . jury."  *Id.* (internal quotations omitted)(quoting *United States v. DePriest*, 6 F.3d 1201, 1216 (7th Cir. 1993)); *see also United States v. Van Eyl*, 468 F.3d 428, 436 (7th Cir. 2006)(stating that "[a] defendant is entitled to a new trial if there is a reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict").

**DISCUSSION**

I.  Sufficiency of the Evidence

Westerfield argues that there was not sufficient evidence to show that she knowingly devised, intended to devise a scheme to defraud, or that she knowingly participated in a scheme to defraud, to obtain money from mortgage lenders by means of materially false and fraudulent pretenses, representations, and promises. The Seventh Circuit has stated that "[a] defendant who challenges the sufficiency of the evidence faces a nearly insurmountable hurdle [in that] [the Court] consider[s] the evidence in the light most favorable to the Government, defer[s] to the credibility determination of the jury, and overturn[s] a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt

3

beyond a reasonable doubt." *United States v. Gougis*, 432 F.3d 735, 743-44 (7th Cir. 2005)(internal quotations omitted)(quoting *United States v. Jackson*, 177 F.3d 628, 630 (7th Cir. 1999)).

Westerfield contends that the Government did not present testimony of witnesses that showed that Westerfield was personally involved in certain fraudulent aspects of the scheme, such as the use of aliases for submissions to lenders. Westerfield contends that the Government did not present sufficient evidence to show knowledge and culpable intent to find her guilty of wire fraud. However, the Government was not required to present eyewitnesses that could testify that they saw Westerfield personally involved in every aspect of the fraud scheme or that Westerfield was expressly informed of all aspects of the fraudulent scheme. *See, e.g., United States v. Haynes*, 582 F.3d 686, 701 (7th Cir. 2009)(stating that for a conspiracy claim that "coconspirators need not participate in every aspect of the scheme"). The Government is not required to present direct evidence to establish every element of an offense. The Seventh Circuit has held that "a jury's verdict may rest solely upon circumstantial evidence." *United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000)(internal quotations omitted)(quoting *United States v. Robinson*, 177 F.3d 643, 648 (7th Cir. 1999))(indicating in addition that "[s]tanding alone, the circumstantial evidence the government presented in th[e] case provides ample

4

support for the jury's finding of guilt"); *see also United States v. Sloan*, 492 F.3d 884, 891 (7th Cir. 2007)(stating that "specific intent to defraud may be shown . . . by circumstantial evidence and inferences drawn from the scheme itself").

In this case, the Government presented ample circumstantial evidence showing Westerfield's awareness of the fraud in the scheme and that she actively participated in the scheme. For example, the Government presented evidence showing that Westerfield drafted title commitments and appeared at closings to represent individuals using false identities to execute fraudulent real estate transactions. The Government also presented evidence showing that Westerfield appeared at closings with individuals using false identities and that she had not met or spoken with her clients prior to the closings and that she prepared documents to direct proceeds to third parties involved in the scheme. In addition, the Government presented evidence that Westerfield represented the same individual within a very short period relating to two fraudulent transactions where that same individual used two different identities and purchased two properties for main personal residences. Thus, there was ample evidence upon which a rational jury could convict Westerfield of wire fraud. To the extent that Westerfield seeks to challenge the credibility determinations by the jury regarding witnesses, this court's role in ruling on post-trial motions is not to second-guess the jury's credibility determinations. *Galati*, 230 F.3d

at 258 (stating that "[i]n assessing the sufficiency of the evidence, the court will not re-weigh the evidence or judge the credibility of witnesses" and "[a]s long as there is a reasonable basis in the record for the jury's verdict, it must stand"). Finally, Westerfield has not shown that the evidence was deficient in any manner that would warrant a new trial in the interest of justice.

II. Ostrich Instruction

Westerfield argues that the court erred in giving the jury the Ostrich instruction. In accordance with Seventh Circuit Pattern Criminal Federal Jury Instruction 4.06, which is commonly referred to as the Ostrich instruction, the court gave the following instruction to the jury:

> When the word "knowingly" is used in these instructions, it means that a defendant realized what she was doing and was aware of the nature of her conduct, and did not act through ignorance, mistake or accident.
>
> You may infer knowledge from a combination of suspicion and indifference to the truth. If you find that the Defendant had a strong suspicion that things were not what they seemed or that someone had withheld some important facts, yet shut her eyes for fear of what she would learn, you may conclude that she acted knowingly, as I have used that word. You may not conclude that the Defendant had knowledge if she was merely negligent in not discovering the truth.

The Seventh Circuit has held that "if a defendant claims a lack of guilty knowledge,"

despite the defendant's contention, the defendant's knowledge can be inferred if "the evidence supports an inference of deliberate avoidance. . . ." *United States v. Leahy*, 464 F.3d 773, 796 (7th Cir. 2006); *United States v. Ciesiolka*, 614 F.3d 347, 351 (7th Cir. 2010). Deliberate avoidance occurs when "a defendant deliberately avoid[s] acquiring knowledge of the crime being committed by cutting off his curiosity through an effort of the will." *Leahy*, 464 F.3d at 796. A defendant is not guilty of deliberate avoidance if the defendant is merely negligent in failing to discover the truth. *United States v. Tanner*, 628 F.3d 890, 904-05 (7th Cir. 2010).

Westerfield does not present any explanation in her motion as to why she believes the court erred in giving the Ostrich instruction. Westerfield merely states in a conclusory fashion that the court erred and thus her argument is without merit on that basis alone. The court also notes that the Ostrich instruction was appropriate in this case since Westerfield argued that despite her involvement in the scheme that there was no evidence that her co-conspirators expressly informed her of the fraud and that she did not personally acquire any actual knowledge of the underlying fraud. The jury could have considered whether Westerfield was "sticking her head in the sand" and deliberately avoiding any actual knowledge of wrongdoing while reaping the rewards of the fraud and thus, the Ostrich instruction was appropriate. *See United States v. Craig*, 178 F.3d 891, 897-98 (7th Cir. 1999)(stating that the

7

defendant's "failure to ask questions that would certainly arise from the circumstances . . . is evidence that could lead a jury to determine she deliberately avoided learning about the . . . scam"). The court properly instructed the jury that if Westerfield was merely negligent in not discovering the fraud, she could not be found guilty. In addition, even if Westerfield could show that the Ostrich instruction should not have been given, Westerfield has not shown that she was prejudiced and would otherwise have been acquitted. Thus, Westerfield has not shown that she should be accorded a judgment of acquittal or new trial based on the Ostrich instruction. Based on the above, the motion for a judgment of acquittal and motion for a new trial are denied.

## CONCLUSION

Based on the foregoing analysis, the motion for judgment of acquittal and motion for a new trial are denied.

                                                         _____
                                                         Samuel Der-Yeghiayan
                                                         United States District Court Judge

Dated:   September 23, 2011